IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,                     No. CIV S-05-1898 FCD EFB P

    vs.

D. L. RUNNELS, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a prisoner, without counsel, prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On July 28, 2006, the court dismissed plaintiff's complaint with leave to amend. On August 14, 2006, plaintiff filed an amended complaint.

        The court has reviewed plaintiff's first-amended complaint pursuant to 28 U.S.C. § 1915A and, for the reasons explained below, finds that it fails to state a claim for relief.

        Plaintiff alleges the following: (1) defendant Townsend confiscated plaintiff's walkman and did not return it; (2) defendant Amero refused to listen to plaintiff during plaintiff's appeal of the confiscation and then cancelled the appeal on the ground plaintiff failed to cooperate; (3) when plaintiff complained in writing directly to Runnels, defendant Meier responded

and neither Meier nor Runnels investigated or attempted to return plaintiff's walkman to him; (4) plaintiff complained to defendant Barnes that a guard retaliated against plaintiff for plaintiff's complaint about a temporary loss of water and electricity but defendant Barnes never investigated; (5) defendant Simmerson told plaintiff that if plaintiff continued writing to the warden with his complaints, Simmerson would bring the letters back to plaintiff; (6) class-based animus based upon plaintiff's status as a prisoner was a motivation for the mishandling of disciplinary procedures; and (7) defendant Coe refused to permit plaintiff to call witnesses at a disciplinary hearing, plaintiff to leave the hearing and then drafted findings stating that plaintiff was uncooperative and left without permission.

Based on these factual allegations, plaintiff claims that defendants deprived him of his property, discriminated against him based upon plaintiff's status as a prisoner, denied him the right to file grievances, and that the state regulations governing state officials' discretion in seizing prisoners' property are unconstitutional.

Plaintiff has no Fourth Amendment right to freedom from a search of his cell, even though it may have been unreasonable. *Hudson v. Palmer*, 468 U.S. 525 (1984). Furthermore, an unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy).

Prisoners retain their right to petition the government for grievances, and ordinarily exercise this right through a formal grievance procedure. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). The right to petition, however, does not carry with it a concomitant right to a response. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Furthermore, prisoners have no protected liberty interest in any particular grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).

To state a claim for the violation of equal protection, plaintiff must allege defendant intentionally discriminated against him based upon "membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998). The Equal Protection Clause does not recognize any particular economic or social group as a protected class. *See Dandridge v. Williams*, 397 U.S. 471 (1970); *see also San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1 (1973). Prisoners are not a protected class. *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1988).

To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied him a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Prison authorities must allow an inmate facing disciplinary proceedings and whose liberty interest is threatened to call witnesses in his defense when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Whether a prisoner may confront and cross-examine witnesses against him is left to "the sound discretion of the officials of state prisons." *Id*. at 569. Prison officials need not provide written reasons for denying inmates cross-examination or confrontation of adverse witnesses in prison disciplinary proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976).

Plaintiff's allegations against the named defendants fall short of stating a claim under any theory. To pursue this action, plaintiff must file an amended complaint.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

////

1     Plaintiff is admonished that by signing an amended complaint he certifies he has made
2 reasonable inquiry and has evidentiary support for his allegations and that for violation of this
3 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.
4 Civ. P. 11.
5     Accordingly, the court hereby orders that the complaint is dismissed with leave to amend
6 within 30 days.  Plaintiff shall file an original and one copy of the amended complaint, which
7 must bear the docket number assigned to this case and be titled "Second Amended Complaint."
8 Failure to file an amended complaint will result in a recommendation this action be dismissed for
9 failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the
10 court will proceed with service of process by the United States Marshal.
11 Dated:  December 12, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE