1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHARLES T. DAVIS,

11              Plaintiff,                    No. CIV S-05-1898 FCD EFB P

12        vs.

13    D.L. RUNNELS, et al.,
                                              ORDER AND
14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15    _____/

16        Charles T. Davis, an inmate confined at Pleasant Valley State Prison, filed this pro se

17    civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint concerns events alleged to have

18    occurred while he was housed at High Desert State Prison[1].  On July 28, 2006, the court granted

19    plaintiff leave to proceed in forma pauperis and dismissed plaintiff's complaint with leave to

20    amend.  On August 14, 2006, plaintiff filed a first amended complaint and then filed a second

21    amended complaint on February 20, 2007.  Nothing has been filed since that date and it recently

22    has come to the court's attention that the amended complaint was not previously screened under

23    28 U.S.C. § 1915A(a).  Accordingly, it is now screened in this order.

24    ////

25    _____

26        [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1).

1    **I.      Request for Counsel**

2           Plaintiff has requested that the court appoint counsel.   District courts lack authority to

3    require counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist.*

4    *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request counsel

5    voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d

6    1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The

7    court finds that there are no exceptional circumstances in this case.

8    **II.     Screening Order**

9           Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

10   which a prisoner seeks redress from a governmental entity or officer or employee of a

11   governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

12   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

13   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

14   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

15          The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

16   screening, finds that it states cognizable claims against defendants Runnels, Meiers, Barns,

17   Miranda, Wagner, Von Rader, Hougland, Amero, Simmorson, and Coe.

18          For the reasons stated below, the complaint does not state a cognizable claim against

19   defendants Wilson and the California Department of Corrections and Rehabilitation.  Further,

20   plaintiff has failed to state cognizable claims under numerous specific legal provisions to which

21   he cites in the complaint.  These claims will therefore be dismissed as provided below.

22          A district court must construe a pro se pleading "liberally" to determine if it states a

23   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

24   opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

25   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

26   action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully. Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and plausibility
> of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations, and are not entitled to

the assumption of truth.  *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law.  *West v.

Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim

unless the facts establish the defendant's personal involvement in the constitutional deprivation

or a causal connection between the defendant's wrongful conduct and the alleged constitutional

deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

740, 743-44 (9th Cir. 1978).

Plaintiff claims that defendant Wilson confiscated his walkman and other property and

falsely reported that the walkman was altered and the other property was used.  Based on these

allegations, plaintiff claims that defendant Wilson committed California state-law fraudulent

deceit, citing to California Civil Code § 1710(3).  That statute defines deceit, as used in Civil

Code § 1709, as "the suppression of a fact by one who is bound to disclose it, or who gives

information of other facts which are likely to mislead for want of communication of that fact."

Section 1709 itself provides, "One who willfully deceives another with intent to induce him to

alter his position to his injury or risk, is liable for any damage which he thereby suffers."  To

1  state a claim under this section, a plaintiff must allege that the defendant (1) made a

2  misrepresentation (2) knowing it was false (3) with the intent to defraud, and that the plaintiff (4)

3  justifiably relied on the misrepresentation (5) to his resulting damage.  *Small v. Fritz Cos.*, 30

4  Cal.4th 167, 173 (2003).  Plaintiff's allegations regarding defendant Wilson do not state that

5  Wilson intended to defraud plaintiff, that plaintiff in any way relied on defendant Wilson's

6  alleged misrepresentations regarding his property, or that plaintiff was damaged because he

7  relied on defendant Wilson's alleged misrepresentations.[2]  Accordingly, plaintiff's claim against

8  defendant Wilson will be dismissed with leave to amend.

9       Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR")

10  as a defendant, presumably in connection with his third cause of action, in which he asks the

11  court to declare California Code of Regulations, title 15, §§ 3190(k) and 3191(c)-(d)

12  unconstitutional.  Specifically, plaintiff argues that § 3190(k), which requires that staff seal

13  inmate appliances "by covering exterior pieces of the appliance that may be used to access the

14  interior of the appliance with hotglue," is irrational and overbroad because it makes no

15  allowance for seals or screws that come loose on their own or are altered by staff.  Plaintiff

16  argues that §§ 3191(c)-(d), which require that inmates dispose of non-allowable personal

17  property and not mail such property to any state agency, are irrational and overbroad because it

18  forces inmates to send property elsewhere when prison is their home.  Plaintiff has failed to

19  allege that these regulations are not reasonably related to a legitimate penological purpose.  *See*

20  *Mauro v. Arpaio*, 188 F.3d 1054, 1058-59 (9th Cir. 1999).  Further, CDCR is an arm of the state

21  and is therefore not a proper defendant in this § 1983 action.  *Will v. Michigan Dep't of State*

22  *Police*, 491 U.S. 58, 65-66 (1989).  Accordingly, plaintiff's claims against CDCR will be

23  dismissed without leave to amend.  Plaintiff's third cause of action will be dismissed with leave

24

25       [2]In his discussion regarding defendant Wilson, plaintiff also cites to California Civil
   Code § 3294(c)(3).  This statute does not provide an independent cause of action but rather
26  provides the bases for imposition of exemplary damages.

4

1  to amend to allow plaintiff the opportunity to state a cognizable claim against a proper

2  defendant.

3         Scattered throughout plaintiff's remaining causes of action are several additional claims

4  that are not cognizable.  In his first cause of action, plaintiff asks for a declaration that California

5  Code of Regulations, title 15, § 3314(c) and California Penal Code § 832.5 are unconstitutionally

6  applied to prisoners.  Section 3314(c) of title 15 provides that an inmate charged with an

7  administrative rule violation has no right to witnesses or an investigative employee.  Penal Code

8  § 832.5 provides the procedure for investigating citizen complaints against public officers.

9  Plaintiff provides no argument or facts as to why or how these laws should be held

10 unconstitutional.  *See Tunstall v. Yentes*, No. CIV S-05-0280 LKK CMK P, 2007 U.S. Dist.

11 LEXIS 13465, *6-7 (E.D. Cal. Feb.. 26, 2007) (finding that due process does not require that a

12 prisoner be allowed to present evidence at a hearing on an administrative rules violation under

13 *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)).  Further, plaintiff has not named a proper

14 defendant to defend his claims that these state laws are unconstitutional.  *See Rouser v. White*,

15 707 F. Supp.2d 1055, 1066 (E.D. Cal. 2010) (stating that the proper defendant for injunctive

16 relief regarding the implementation of a CDCR policy would be the Secretary of the CDCR in

17 his official capacity).  Accordingly, plaintiff's claim that California Code of Regulations, title

18 15, § 3314(c) and California Penal Code § 832.5 are unconstitutional applied to prisoners will be

19 dismissed with leave to amend.

20        Second, in his fourth cause of action, plaintiff seeks to hold defendant Amero liable for

21 violating California Code of Regulations, title 15, § 3084.1.  Similarly, in his fifth cause of

22 action, plaintiff seeks to hold various defendants liable for violating California Code of

23 Regulations, title 15, § 3287(2) and 3084.1(d).  These claims will be dismissed without leave to

24 amend because there is no independent cause of action for a violation of title 15 regulations.

25 *Jones v. Cal. Dep't of Corr.*, No. 1:08-cv-01383-LJO-GBC PC, 2011 U.S. Dist. LEXIS 26448,

26 *17 (E.D. Cal. Mar. 15, 2011).

Third, in his fifth cause of action, plaintiff alleges that various defendants violated California Civil Code §§ 51.7 and 52.4(a).  Section 51.7 provides a right to be free from violence or threats due to political affiliation or other personal characteristics.  Plaintiff has not alleged that he possesses any of the characteristics protected by § 51.7 or that he was subjected to violence or threats based on such a characteristic.  Section 52.4(a) provides a cause of action for victims of gender violence.  Plaintiff's complaint contains no facts indicating that he was subjected to gender violence.  Accordingly, these claims will be dismissed with leave to amend.

Plaintiff may proceed forthwith to serve Runnels, Meiers, Barns, Miranda, Wagner, Von Rader, Hougland, Amero, Simmorson, and Coe and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state cognizable claims: (1) against defendant Wilson; (2) that California Code of Regulations, title 15, §§ 3190(k) and 3191(c)-(d) are unconstitutional; (3) that California Code of Regulations, title 15, § 3314(c) and California Penal Code § 832.5 are unconstitutional applied to prisoners; and/or (4) against various defendants for violating California Civil Code §§ 51.7 and 52.4(a).  Any amended complaint should not include plaintiff's claims against CDCR or his claims against various defendants for violating regulations contained within title 15 of the California Code of Regulations, as the court has denied leave to amend those claims for the reasons provided above.

If plaintiff elects to attempt to amend his complaint to attempt to state cognizable claims: (1) against defendant Wilson; (2) that California Code of Regulations, title 15, §§ 3190(k) and 3191(c)-(d) are unconstitutional; (3) that California Code of Regulations, title 15, § 3314(c) and California Penal Code § 832.5 are unconstitutional applied to prisoners; and/or (4) against various defendants for violating California Civil Code §§ 51.7 and 52.4(a), he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith against defendants Runnels, Meiers, Barns, Miranda, Wagner, Von Rader, Hougland, Amero, Simmorson, and Coe, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith.  In this event, the court

will construe plaintiff's election as consent to dismissal of all claims: (1) against defendant

Wilson; (2) that California Code of Regulations, title 15, §§ 3190(k) and 3191(c)-(d) are

unconstitutional; (3) that California Code of Regulations, title 15, § 3314(c) and California Penal

Code § 832.5 are unconstitutional applied to prisoners; and/or (4) against various defendants for

violating California Civil Code §§ 51.7 and 52.4(a), without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in

the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

*Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

he does an act, participates in another's act or omits to perform an act he is legally required to do

that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties.

Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

"The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

join, [] as independent or as alternate claims, as many claims . . . as the party has against an

opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

against different defendants belong in different suits, not only to prevent the sort of morass [a

multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

1  required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

2  or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

3  1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

4  (joinder of defendants not permitted unless both commonality and same transaction requirements

5  are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims

6  in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

7          The allegations must be short and plain, simple and direct and describe the relief plaintiff

8  seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

9  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

10  including many defendants with unexplained, tenuous or implausible connection to the alleged

11  constitutional injury or joining a series of unrelated claims against many defendants very likely

12  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

13  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

14  these instructions.

15          Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

16  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

17  allegations and that for violation of this rule the court may impose sanctions sufficient to deter

18  repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19          A prisoner may bring no § 1983 action until he has exhausted such administrative

20  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

21  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

22  claims are warranted by existing law, including the law that he exhaust administrative remedies,

23  and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims

24  against defendants Runnels, Meiers, Barns, Miranda, Wagner, Von Rader, Hougland, Amero,

25  Simmorson, and Coe.

26  ////

1   Accordingly, the court hereby orders that:

2   1.  Plaintiff's request for counsel is denied.

3   2.  The following claims are dismissed with leave to amend: (1) the claims against

4   defendant Wilson; (2) the claim that California Code of Regulations, title 15, §§ 3190(k) and

5   3191(c)-(d) are unconstitutional; (3) that California Code of Regulations, title 15, § 3314(c) and

6   California Penal Code § 832.5 are unconstitutional applied to prisoners; and/or (4) the claims

7   against various defendants for violating California Civil Code §§ 51.7 and 52.4(a).  Within 30

8   days of service of this order, plaintiff may amend his complaint to attempt to state cognizable

9   claims against these defendants.  Plaintiff is not obligated to amend his complaint.

10   3.  The allegations in the pleading are sufficient, at least for the purposes of screening

11   under section 1915A, to state cognizable claims against defendants Runnels, Meiers, Barns,

12   Miranda, Wagner, Von Rader, Hougland, Amero, Simmorson, and Coe.  *See* 28 U.S.C. § 1915A.

13   With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the

14   amended complaint filed February 20, 2007, ten USM-285 forms and instructions for service of

15   process on defendants Runnels, Meiers, Barns, Miranda, Wagner, Von Rader, Hougland, Amero,

16   Simmorson, and Coe.  Within 30 days of service of this order plaintiff may return the attached

17   Notice of Submission of Documents with the completed summons, the completed USM-285

18   forms, and eleven copies of the February 20, 2007 amended complaint.  The court will transmit

19   them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules

20   of Civil Procedure.  Defendants Runnels, Meiers, Barns, Miranda, Wagner, Von Rader,

21   Hougland, Amero, Simmorson, and Coe will be required to respond to plaintiff's allegations

22   within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this

23   event, the court will construe plaintiff's election to proceed forthwith as consent to an order

24   dismissing his defective claims against defendants Wilson and the California Department of

25   Corrections and Rehabilitation without prejudice.

26   ////

4.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, it is RECOMMENDED that plaintiff's claims against CDCR and against various defendants for violating regulations contained within title 15 of the California Code of Regulations be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

       Plaintiff,               No. CIV S-05-1898 FCD EFB P

     vs.

D.L. RUNNELS, et al.,

       Defendants.       <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

In accordance with the court's order filed _____, plaintiff hereby elects to:

(1) _____ consent to the dismissal of defendants Wilson and the California Department of Corrections and Rehabilitation without prejudice, and submits the following documents:

          __1__      completed summons form

          __10__     completed forms USM-285

          __11__     copies of the February 20, 2007 Amended Complaint

**<u>OR</u>**

(2) _____ delay serving any defendant and file a third amended complaint in an attempt to state cognizable claims: (1) against defendant Wilson; (2) that California Code of Regulations, title 15, §§ 3190(k) and 3191(c)-(d) are unconstitutional; (3) that California Code of Regulations, title 15, § 3314(c) and California Penal Code § 832.5 are unconstitutional applied to prisoners; and/or (4) against various defendants for violating California Civil Code §§ 51.7 and 52.4(a).

Dated:

                        _____
                               Plaintiff