IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

       Plaintiff,                      No. 2:05-cv-1898 JAM EFB P

      vs.

D.L. RUNNELS, et al.,

       Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants Runnels, Meier, Barnes, Wagner, Simmorson, Coe, and Amero's ("defendants") move to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dckt. No. 36. Plaintiff filed an opposition and defendants filed a reply. Dckt. Nos. 44, 45. For the reasons stated below, defendants' motion to dismiss should be granted in part, and all claims should be dismissed except for the retaliation claims against defendants Amero, Hougland, Von Rader, Miranda, Runnels, and Simmorson.

**I.**    **Background**

This action proceeds on plaintiff's February 20, 2007 second amended complaint against defendants Runnels, Meier, Barns, Wagner, Simmorson, Coe, Amero, Miranda, Von Rader, and

1

Hougland.[1]  *See* Second Amended Complaint ("Dckt. No. 16"); Screening Order ("Dckt. No. 23").  Plaintiff broadly labels his claims for relief as "Obstruction of Justice" and "Retaliation."[2]  Dckt. No. 16 at 10, 12.[3]  Within those labels, plaintiff alleges defendants retaliated against him in violation of the First Amendment, and conspired to retaliate and obstruct justice in violation of 42 U.S.C. § 1983, § 1985(2) and § 1986.  *Id.* at 10-13.

According to the allegations in the complaint, plaintiff prepared an administrative appeal after prison officials improperly searched his cell and confiscated his property.  *Id.* at 6.  Plaintiff claims that instead of processing the appeal, defendant Amero "cancelled it."  *Id.*  Plaintiff alleges that at the hearing on this appeal, defendants Amero, Von Rader, and Hougland threatened to search plaintiff's cell and improperly confiscate more of plaintiff's personal property if plaintiff did not "shut-up."  *Id.* at 7.  Plaintiff alleges this was retaliation in violation of the First Amendment.  *Id.* at 7, 12.

Plaintiff claims that he tried to appeal this issue, but defendant Wagner refused to process the appeal.  *Id.* at 7.  Therefore, plaintiff claims he wrote a letter directly to the warden – defendant Runnels.  *Id.*  The associate warden – defendant Meier – allegedly responded to the letter but did nothing to assist plaintiff with processing the appeal.  *Id.*  Plaintiff claims he was eventually able to get an appeal processed regarding this issue, but that his allegations were determined to be unsubstantiated.  *Id.*  Based on these circumstances, plaintiff alleges that defendants violated his First Amendment rights and conspired "to obstruct justice by using the appeal system to cover-up the fact [that] defendant Wagner refused to process plaintiff's appeal . . . and defendant Meier's knowledge of this fact."  *Id.* at 10-11.

---

[1] Defendants Miranda, Von Rader, and Hougland filed an answer to plaintiff's second amended complaint.  Dckt. No. 37.

[2] The complaint listed three other "claims for relief," but the court dismissed those claims in its screening order.  *See* Dckt. No. 16 at 14-16; Dckt. No. 23 at 4-6, 9.

[3] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

Plaintiff also alleges that defendants acted pursuant to a policy of finding all complaints filed by prisoners against prison staff to be "unsubstantiated, unfounded, exonerated or closed in some other method" in favor of the California Department of Corrections and Rehabilitation (CDCR). *Id.* at 12. Plaintiff claims that "prisoners are members of a protected class," but that even if they are not, defendants violated his rights under 42 U.S.C. § 1983, § 1985(2), and § 1986, because defendants' "conduct served no legitimate penological interest." *Id.* at 3, 11.

Next, plaintiff alleges that defendant Miranda tried to get plaintiff's next-door neighbor to uncover his cell window by cutting off the power and toilet water to his cell. *Id.* at 8. Consequently, plaintiff claims that the power and toilet water in his own cell was turned off. *Id.* Plaintiff claims that he told defendant Barns that he had a medical condition requiring that the toilet water be turned on. *Id.* Plaintiff claims that Barns then "conspired" with defendant Miranda, who then stopped giving plaintiff "extra" toilet paper. *Id.* at 8, 13. Plaintiff claims that Miranda was subsequently informed that plaintiff had a medical condition requiring extra toilet paper through the resolution of an informal appeal that provided plaintiff with the toilet paper. *Id.* at 8 & n.3. Plaintiff claims that as part of the conspiracy between Barns and Miranda, and in retaliation for plaintiff's complaining to Barns, Miranda filed a 115 Rules Violation Report accusing plaintiff of being verbally abusive. *Id.* at 8, 13.

Plaintiff claims he wrote letters to Runnels about this issue. *Id.* at 9. In response, Runnels allegedly had a correctional officer escort plaintiff out of his cell in waist chains, and to the yard, at 8 or 9 p.m. *Id.* at 9, 13. Plaintiff claims that he was met by defendant Simmorson, who stated that plaintiff was not to write the warden any letters, and that if plaintiff filed another complaint he would "bring it" to plaintiff. *Id.* at 9. According to plaintiff, he interpreted Simmorson's remark to be a threat of physical harm that caused him to fear for his safety. *Id.* at 9, 13. Plaintiff alleges his appeals regarding this encounter were processed, but determined to be unsubstantiated. *Id.* Plaintiff alleges Runnels and Simmorson retaliated against him in violation of the First Amendment. *Id.* at 12.

3

Case 2:05-cv-01898-JAM-EFB   Document 71   Filed 08/22/12   Page 4 of 11

Plaintiff alleges that there was a hearing on the rule violation report issued by Miranda and that defendant Coe refused to call any witnesses or to accept written statements from witnesses. *Id.* at 9-10. According to plaintiff, Runnels covered up the fact that Barns and Coe worked together to cover-up Miranda's retaliatory rules violation report and defendant Coe's refusal to allow witnesses or take written declarations. *Id.* at 11. Plaintiff alleges this violated his rights under 42 U.S.C. § 1983, § 1985(2), and § 1986. *Id.* at 10-11.

## II.     Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

4

(1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). The court need not accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A pro se litigant is, however, entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.    Discussion**

With the exception of a retaliation claim against defendants Amero, Hougland, Von Rader, and Miranda, defendants argue that plaintiff fails to state a claim upon which relief may be granted. *See* Defs.' Mot. to Dism. ("Dckt. No. 36"). Specifically, defendants argue that plaintiff has failed to state a claim upon which relief can be granted because (1) there is no constitutional right to an inmate grievance process, (2) plaintiff's allegations regarding the disciplinary proceedings fail to state a due process claim, and (3) plaintiff fails to state a retaliation claim against defendant Simmorson.

### A.  No Claim Based on Inmate Grievance Process

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Plaintiff makes clear in his complaint that he "does not allege that he has a constitutional right to an appeal system or the right to a particular response." Dckt. No. 16 at 7 n.2; *see also* Pl.'s Opp'n to Defs.' Mot. to Dism. ("Dckt. No. 44") at 2, 4 (reiterating his position in this regard). As plaintiff expressly renounces any intent to proceed on a claim that he is entitled to a specific grievance procedure, defendants' motion to dismiss such a claim is moot.

### B.  No Due Process Claim

As noted, the complaint asserts First Amendment retaliation claims, section 1985(2) obstruction of justice claims, section 1986 conspiracy claims, and section 1983 conspiracy claims. The record does not support the assertions in plaintiff's opposition that this action proceeds on any other claims for relief. *See* Dckt. Nos, 16, 23; *see also* Dckt. No. 6 (initial screening order, informing plaintiff of basic requirements for a § 1983 claim) & Dckt. No. 11 (second screening order, informing plaintiff of standards governing due process and equal protection claims). Despite notice of the deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable due process claim, and further leave to amend would be futile. *See*

Dckt. No. 11 at 3 (informing plaintiff that a due process claim requires allegations showing a deprivation of a constitutionally protected liberty or property interest, and a denial of adequate procedural protections).

### C.     Retaliation

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's allegations, discussed above, are insufficient to state a cognizable retaliation claim against Meier, Barnes, Wagner, or Coe. Liberally construed, however, they sufficiently allege a retaliation claim against defendants Runnels and Simmorson.

Plaintiff alleges that Runnels and Simmorson took adverse action against plaintiff because of his protected conduct. Plaintiff alleges that at the direction of Runnels, Simmorson allegedly threatened to "bring it" if plaintiff did not stop writing letters to Runnels. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (defendant may be held liable as a supervisor where he sets in motion a series of acts by others). Plaintiff allegedly interpreted Simmorson's remarks as a threat of physical harm. Dckt. No. 16 at 9, 13. *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (2009) (the mere threat of harm can be an adverse action, regardless of whether it is carried out).

Plaintiff's allegations, if taken as true, also show that he was engaged in protected conduct. Plaintiff claims that his letters to Runnels were written only after his attempts to properly file administrative grievances were thwarted. *See* Dckt. No. 16 at 7, 9. Conduct protected by the First Amendment includes the right to petition the government for redress of grievances. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989); *see also Brodheim*, 584 F.3d at 1271 n.4 (protected conduct includes communications that are "part of the grievance process").

7

To show a chilling effect, as required by *Rhodes*, a plaintiff does not have to show that "his speech was actually inhibited or suppressed," but rather that the adverse action at issue "would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568-69 (rationalizing that it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity). The court cannot say as a matter of law that a reasonable person would not have been chilled in the exercise of his constitutional rights by the alleged conduct of Runnels and Simmorson. *See Avent v. Cate*, Case No. 2:09-cv-3482 JAM DAD P, 2011 U.S. Dist. LEXIS 64753, at *17-19 (E.D. Cal. June 17, 2011), *adopted by* 2011 U.S. Dist. LEXIS 90465 (E.D. Cal. Aug. 15, 2011).

**D.     Additional Screening of Claims Pursuant to 28 U.S.C. § 1915A**

Federal courts may dismiss the complaint, or any portion of the complaint, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

**1.     Section 1985(2) Obstruction of Justice**

Throughout his complaint and opposition brief, plaintiff purports to bring claims pursuant to the second clause of 42 U.S.C. § 1985(2). To state a claim for obstruction of justice or conspiracy in violation of the second clause of section 1985(2), plaintiff must plead that "two or more persons conspire[d] for the purpose of impeding, hindering, obstructing, or defeating . . . the due course of justice in any *State or Territory*, with intent to deny to any citizen the equal protection of the laws . . . ." 42 U.S.C. § 1985(2) (emphasis added). "It is well-settled that the 'equal protection' language of the second clause of section 1985(2) [requires] an allegation of class-based animus for the statement of a claim under that clause." *Portman v. County of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993) (internal quotations omitted).

This claim must be dismissed because plaintiff has not alleged that any defendant denied him access to state courts because he was a member of a protected class. The court has

previously informed plaintiff of the requirements for stating an equal protection claim, including the fact that prisoners do not form a protected class. Dckt. No. 11 at 3; *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1988); *Trerice v. Pedersen*, 769 F.2d 1398, 1402-1403 (9th Cir. 1985). Despite notice of these deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim, and further leave to amend appears futile.

### 2. Section 1986 Neglect to Prevent Conspiracy

Plaintiff alleges defendants failed to prevent a conspiracy in violation of 42 U.S.C. § 1986. However, there is no cause of action under section 1986 absent a valid claim for relief under section 1985. *Trerice*, 769 F.2d at 1403. Because plaintiff fails to state a claim under section 1985, he also fails to state a claim pursuant to section 1986. This claim too, must be dismissed without further leave to amend.

### 3. Section 1983 Conspiracy

A claim for conspiracy under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and "'an actual deprivation of constitutional rights,'" *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989)). While it is not necessary to prove each participant in a conspiracy know the exact parameters of the plan, they must at least share a general conspiratorial objective. *Woodrum*, 866 F.2d at 1126; *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983); *Franklin*, 312 F.3d at 441 (each participant must at least share the common objective of the conspiracy) (quoting *United Steel Workers*, 865 F.2d at 1541). Vague and conclusory allegations with no supporting factual averments are insufficient to support a claim under § 1983. *Woodrum*, 866 F.2d at 1126; *Aldabe v. Aldabe*, 616 F.2d 1089, 1090 (9th Cir. 1980); *Lockry v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) (allegations of conspiracy must be supported by material facts, not merely conclusory statements).

9

Here, plaintiff's § 1983 conspiracy claim must be dismissed. Plaintiff has only made vague and conclusory allegations of conspiracy and has failed to support these allegations with any factual assertions. As summarized above, plaintiff makes only conclusory allegations that defendants "conspired," which do not support a claim for a violation of his constitutional rights under § 1983. Because plaintiff offers no facts to support a finding that defendants engaged in any sort of conspiracy, plaintiff's § 1983 conspiracy claim must be dismissed. Although it appears unlikely, to the extent plaintiff can allege specific facts supporting a conspiracy claim, plaintiff should be granted leave to amend to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc) (Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal).

**IV.  Recommendation**

In accordance with the above findings, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss plaintiff's second amended complaint (Dckt. No. 36), be granted in part;

2. Plaintiff's due process, § 1985(2), and § 1986 claims be dismissed without leave to amend;

3. Plaintiff's retaliation claims against Meier, Barnes, Wagner, and Coe, and plaintiff's § 1983 conspiracy claims be dismissed with leave to amend;

4. Plaintiff be granted leave to file a third amended complaint, as provided herein, within thirty days of the filing date of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11