IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

      Plaintiff,                    No. 2:05-cv-1898 JAM EFB P

      vs.

D.L. RUNNELS, et al.,

      Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion to compel and related motions for sanctions and to modify the scheduling order. Dckt. Nos. 52, 53, 54. He has also filed a motion for sanctions based on defense counsel's alleged failure to timely communicate defendants' response to plaintiff's settlement offer. Dckt. No. 62.

      On August 22, 2012, the court issued findings and recommendation recommending that defendants' motion to dismiss be granted in part, and that plaintiff be granted leave to amend the complaint. In plaintiff's motion to compel, he requests that discovery proceed even if a defendant is dismissed, "so that the discovery can be preserved" in the event that the court's order "is reversed on appeal." Dckt. No. 52 at 48. However, the possibility of reversal on appeal does not provide a basis for pursuing discovery from defendants who may be dismissed

from this action. Given the uncertainty regarding plaintiff's claims and the remaining defendants in this action, plaintiff's motion to compel and his related motions for sanctions and to modify the scheduling order must be denied without prejudice.[1]

If plaintiff chooses to file another motion to compel, it must be tailored to the claims and defendants in the operative complaint and explain why defendants' responses to his discovery requests are inadequate. Plaintiff is cautioned, however, that the court will not compel defendants to respond to discovery requests that are overbroad and burdensome, that require the creation of "statistical data," or that do not appear reasonably calculated to lead to the discovery of admissible evidence. Nor will the court compel defendants to produce documents that do not exist or are not in the defendants' possession or control. In responding to any motion to compel, defendants should address each of the individual responses that plaintiff disputes. If the court finds that defendants' responses are deficient or have not been made in good faith, sanctions may be imposed.

Plaintiff also seeks Rule 11 sanctions against defense counsel on the grounds that she failed "to timely communicate" defendants' acceptance or rejection of plaintiff's settlement offer. Dckt. No. 62. Defendants oppose the motion, arguing that there is no procedural or substantive basis for the motion, and that plaintiff himself should be sanctioned, as he "is a prolific filer of documents in the court system and simple legal research would have shown that the instant motion was not supported by any law." Dckt. No. 63 at 2, 3 ("Without a sanction, it is clear that Davis will continue his misconduct unchecked.").

Plaintiff's motion is procedurally improper. Rule 11 sanctions may be imposed "when a filing is 'frivolous,' meaning that it is 'baseless and made without a reasonable and competent inquiry.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). Plaintiff

---

[1] If the district judge adopts the findings and recommendations, plaintiff may either proceed on the operative complaint as narrowed, or may amend his complaint and await the court's screening order pursuant to 28 U.S.C. § 1915A.

2

fails to show that defendants have filed any frivolous documents with the court. Plaintiff's motion is not authorized under Rule 11 and plaintiff cites to no other legal authority for his motion.

Plaintiff's motion is also substantively deficient. While defense counsel has an obligation to her clients to promptly communicate the terms of a settlement offer, that obligation runs to her clients, not to plaintiff. *See* Cal. Rules of Prof'l Conduct R. 3-510. Further, and as defendants have informed plaintiff, "[c]ommunication of any settlement offers to defendants by defense counsel would be clearly privileged and confidential." Dckt. No. 63 at 2. Though defense counsel's response to plaintiff's settlement offer was "untimely" in plaintiff's mind, it is not conduct deserving of sanctions.

The court will deny defendants' request to impose sanctions against plaintiff at this time. Plaintiff is admonished, however, that improper and superfluous filings impede the progress of the case and that the court may consider whether to restrict his access to the court if he does not exercise appropriate restraint in the future. *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990); *see also Tripati v. Beaman*, 878 F2d 351, 352 (10th Cir. 1989). Although plaintiff is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). Plaintiff's failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, and related motions for sanctions and to modify the scheduling order (Dckt. Nos. 52, 53, 54), are denied without prejudice.

2. Plaintiff's motion for sanctions (Dckt. No. 62) is denied.

DATED: September 25, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE