IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

    Plaintiff,                           No. 2:05-cv-1898 JAM EFB P

    vs.

D.L. RUNNELS, et al.,

    Defendants.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He proceeds on the retaliation claims asserted in his second amended complaint against defendants Amero, Hougland, Von Rader, Miranda, Runnels, and Simmorson.  *See* Dckt. Nos. 16, 71, 77.

        Defendants filed a motion for summary judgment on December 21, 2012.  Dckt. No. 82.  Thereafter, on January 14, 2013, plaintiff filed a motion to compel defendants to respond to discovery requests that he served on November 15, 2012.  Dckt. No. 83.  On the same day, plaintiff also moved, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, to postpone consideration of defendants' motion for summary judgment pending discovery.  *See* Dckt. No. 84 (referencing former Rule 56(f), amended in 2010).  Thereafter, plaintiff filed a motion to compel the production of the "complete deposition transcript for summary judgment."  Dckt. No. 88.  For the reasons stated below, plaintiff's motions are denied.

**I.      Motion to Compel (Dckt. No. 83)**

The court's October 19, 2011 discovery and scheduling order required that written discovery requests be served by December 2, 2011, and that all discovery be completed by February 3, 2012. Dckt. No. 39. Absent an extension of the discovery cutoff, plaintiff's January 14, 2013, motion to compel is untimely. However, the procedural history regarding plaintiff's original discovery request is muddled.

Just prior to the expiration of the deadline for completion of all discovery, while defendants' motion to dismiss was pending, plaintiff filed a motion to compel on January 25, 2012. Dckt. No. 52. Thereafter, the undersigned issued findings and recommendations on the motion to dismiss, which had the potential to significantly reduce the number of claims and defendants in this action and to allow plaintiff leave to amend his complaint. Accordingly, the court denied the motion to compel without prejudice.[1] That order also cautioned plaintiff that if he amended his complaint and resubmitted the motion to compel, he must revise it so that it is clear as to which defendants and which claims his requests pertained. *See* Dckt. No. 75 (Sept. 25, 2012 Order explaining that if plaintiff filed another motion to compel, " it must be tailored to the claims and defendants in the operative complaint," and warning plaintiff that the court would not "compel defendants to respond to discovery requests that are overbroad and burdensome, that require the creation of 'statistical data,' or that do not appear reasonably calculated to lead to the discovery of admissible evidence"). Plaintiff did not do so.

After the findings and recommendations were adopted, and the deadlines to amend his complaint and for completion of discovery (including discovery motions) had passed, plaintiff served new and different discovery requests and filed the instant motion to compel. Dckt. No.

---

[1] The August 22, 2012 findings and recommendations addressed defendants' motion to dismiss plaintiff's second amended complaint, and recommended that certain claims and defendants be dismissed with leave to amend. Dckt. No. 71. In response, plaintiff filed objections indicating that he would not amend his complaint. *See* Dckt. No. 72 (Pl.'s Sept. 4, 2012 objections, dated Aug. 31, 2012); *see also* Dckt. No. 76 at 5 (stating he "would stand upon [his] pleadings alleged in the complaint & would not amend it").

2

1  83.  While the September 25, 2012 order was entered after the discovery cutoff date, contrary to
2  plaintiff's belief that order did not authorize plaintiff to propound new discovery requests in this
3  action.  To the extent that it served as a "de facto" modification of the discovery deadline, as
4  plaintiff suggests, it merely allowed plaintiff to revise and resubmit the earlier motion to compel
5  that had been denied without prejudice.  Thus, the denial without prejudice preserved for
6  plaintiff a further opportunity to seek an order to compel responses to his original discovery
7  requests that were served prior to the cutoff of discovery.  *See* Dckt. No. 75.  Rather than
8  revising and resubmitting that earlier filed motion to compel as authorized, plaintiff served a new
9  discovery request consisting of an additional 24 requests for production, which were not
10 authorized, and then moved to compel responses to those untimely requests.  Plaintiff has not
11 sought a further extension of the discovery cutoff to permit those requests and the new motion
12 directed at them must be denied as untimely.

13     Even if his filings are construed as a request to modify the discovery deadline, he has not
14 satisfied the standards for doing so and the request must be denied.  A scheduling order may be
15 modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the
16 moving party demonstrates he cannot meet the deadline despite exercising due diligence.
17 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, plaintiff
18 cannot demonstrate the requisite good cause.

19     The deadline for completing discovery was February 3, 2012.  Plaintiff's additional 24
20 requests for production appear to place more focus on the claims that survived defendants'
21 motion to dismiss.  *See* Dckt. No. 83, Attach. 1.  However, the narrowing of plaintiff's claims
22 following resolution of defendants' motion to dismiss does not entitle plaintiff to a second shot
23 at discovery.  Even if plaintiff believes that further discovery is warranted, he has not articulated
24 a good reason why he did not earlier pursue that discovery.  Plaintiff should have known how his
25 claims in this action would be narrowed as early as October 1, 2012, when he adamantly
26 informed the court that he had no intention of amending the claims that the undersigned had

1  recommended be dismissed.  *See* Dckt. No. 76.  Yet plaintiff allowed six weeks to pass before
2  taking any action to engage in further discovery.  *See* Dckt. No. 83, Attach. 1 (Pl.'s Nov. 15,
3  2012 requests for production).  Although defendants informed plaintiff that his discovery
4  requests were untimely as early as November 21, 2012, plaintiff waited until January 10, 2013 –
5  the day before his opposition to defendants' summary judgment was due – to mail his request for
6  a Rule 56(d) continuance and to compel responses to his untimely discovery.  *See* Dckt. No. 83,
7  Attach. 2; Dckt. Nos. 83, 84.  More to the point, plaintiff has not shown why he did not pursue
8  this discovery within the time permitted to do so under the scheduling order.  The new requests
9  do not pertain to new claims.  Rather, they address claims asserted in the original complaint as
10 plaintiff declined the opportunity to amend.  He has not otherwise explained why he did not
11 serve these new requests during the time he was to have done so under the scheduling order.

12     On this record, there is simply no good cause to support modification of the discovery
13 deadline.

## II.  Rule 56(d) Request (Dckt. No. 84)

15     After defendants moved for summary judgment, plaintiff filed a request to defer ruling on
16 the summary judgment motion pending further discovery pursuant to Rule 56(d) of the Federal
17 Rules of Civil Procedure.  Dckt. No. 84.  Rule 56(d) permits a party opposing a motion for
18 summary judgment to request an order deferring the time to respond to the motion and
19 permitting that party to conduct additional discovery upon an adequate factual showing.  *See*
20 Fed. R. Civ. P. 56(d) (requiring party making such request to show "by *affidavit or declaration*
21 that, for *specified reasons*, it cannot present *facts essential* to justify its opposition.").  A Rule
22 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain
23 why those facts would preclude summary judgment." *Tatum v. City and County of San*
24 *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  A Rule 56(d) affidavit must also identify "some
25 basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*,
26 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

4

Plaintiff fails to make the showing required under Rule 56(d). Rather, he makes a general assertion that defendants' allegedly retaliatory conduct "was the product of an ongoing custom, policy, and practice." Dckt. No. 84 at 7, 9. Plaintiff fails to clearly identify what specific discovery he is seeking on this basis, what particular facts are expected to be disclosed from that discovery and how they relate to the pending motion for summary judgment. Moreover, plaintiff fails to demonstrate that whatever information he seeks actually exists, and that it would prevent summary judgment. While plaintiff lists various types of evidence that may be discoverable under the Federal Rules of Civil Procedure, *see id.* at 4, general and conclusory statements of the law do not assist plaintiff in demonstrating that he is entitled to further discovery pursuant to Rule 56(d) prior to consideration of the summary judgment motion.

Next, plaintiff refers to his first motion to compel (Dckt. No. 52), arguing that defendants failed to provide a single substantive response. *Id.* at 6. The court previously addressed and denied this motion to compel without prejudice, instructing plaintiff that if he chose to re-file a motion to compel, "it must be tailored to the claims and defendants in the operative complaint and explain why defendants' responses to his discovery requests are inadequate." Dckt. No. 75. As noted, plaintiff failed to comply with these instructions. The court will not revisit that motion to compel through the instant Rule 56(d) request.

Lastly, plaintiff relies on his concurrently filed motion to compel as support for his Rule 56(d) request. Dckt. No. 84 at 1-2. That motion, as just discussed, has been denied, and does not lend support to plaintiff's Rule 56(d) request. Accordingly, plaintiff's motion is denied.

**III.    Motion to Compel Production of "Complete Deposition Transcript" (Dckt. No. 88)**

Plaintiff also requests a copy of his deposition transcript, arguing that his testimony "cannot be fairly read in context based upon the defendants' limited excepts" in their summary judgment motion. As a threshold matter, there is nothing inappropriate about the defendants' reliance on "limited excerpts" from plaintiff's deposition transcript. The court notes, however, that in accordance with the requirements of Local Rul 133(j), defendants submitted to the court a

courtesy copy of the entire deposition transcript. Because that transcript has been submitted to the court, defendants are required by Local Rule 135(d) to serve a copy of it on plaintiff. Accordingly, defendants shall serve plaintiff with a copy of the transcript. Local Rule 135(d) Service Upon All Parties ("copies of all documents submitted to the Court shall be served upon all parties to the action").

**IV.  Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dckt. No. 83) is denied.

2. Plaintiff's motion for a Rule 56(d) continuance (Dckt. No. 84) is denied.

3. Plaintiff's motion to compel production of the deposition transcript (Dckt. No. 88) is granted.

4. Plaintiff's response to defendants' December 21, 2012 motion for summary judgment is long overdue. *See* E.D. Cal. Local Rule 230(l). Within 30 days of the date of this order, plaintiff shall file either an opposition to the motion or a statement of no opposition. Failure to comply with this order may result in a recommendation that this action be dismissed. *See* E.D. Cal. Local Rule 110.

Dated: May 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE