UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS, | No. 2:05-cv-1898-JAM-EFB P |
| Plaintiff, | |
| v. | PRETRIAL ORDER |
| AMERO, et al.,[1] | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds on a First Amendment retaliation claims against defendants Amero, Hougland, Von Rader, and Simmerson. He claims that Amero, Von Rader, and Hougland threatened him with cell searches and property confiscation if he did not "shut-up" during an interview regarding an administrative appeal. ECF No. 16 ¶ 11. He also claims that Amero retaliated against him by cancelling his administrative appeal. *Id.* Lastly, he claims that defendant Simmerson threatened him with physical harm if he filed another complaint. *Id.* ¶¶ 14, 20. In accordance with the parties' pretrial statements, the court orders as follows:

**JURISDICTION/VENUE**

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391 and Local Rule 120(d). There is no dispute over either jurisdiction or venue.

---

[1] The Clerk is directed to update and delete D.L. Runnels from the case caption, as defendant Runnels has been dismissed.

1

**UNDISPUTED FACTS**

1. Plaintiff was an inmate housed at High Desert State Prison (HDSP) for approximately ten years, including 2005, the year during which the alleged events in this action occurred.
2. In 2005, plaintiff was an inmate in the HDSP Facility B.
3. Plaintiff prepared an administrative appeal (HDSP Appeal Log # HDSP-B-05-00627) after correctional officers searched his cell during a system-wide search on February 22, 2005.
4. Defendant Amero, a correctional sergeant at that time, interviewed plaintiff regarding his administrative appeal (HDSP Appeal Log # HDSP-B-05-00627) on March 20, 2005.
5. The interview took place in the program office of Facility B.
6. Defendant correctional officers Hougland and Von Rader were also present during the interview.
7. In 2005, defendant correctional sergeant Simmerson worked the Second Watch at HDSP, which is from 6:00 a.m. until 2:00 p.m.

**DISPUTED FACTUAL ISSUES**

Defendants previously sought summary judgment. In denying that motion, the court found disputed issues of fact as to whether Amero's cancelling of plaintiff's appeal for "failure to cooperate" was pretextual, and thus, lacked a legitimate penological purpose. The court also found disputed issues of fact as to whether Simmerson was working on the evening of March 11, 2005, and whether he met with plaintiff as plaintiff claims. ECF No. 96 at 9, 15; ECF No. 98.

The parties also identify the following disputed facts in their pretrial statements:

1. Whether defendants Amero, Hougland, and Von Rader threatened plaintiff with a cell search and property confiscation in retaliation for speaking during the March 20, 2005 interview regarding his administrative appeal.
2. Whether defendant Simmerson threatened plaintiff with physical harm on the evening of March 11, 2005, in retaliation for writing correspondence directly to the warden of HDSP regarding staff complaints instead of using the grievance and appeal procedures.

/////

**DISPUTED EVIDENTIARY ISSUES**

Plaintiff has filed motions in limine seeking to admit numerous documents and statements and to exclude information regarding convictions, prior bad acts, and certain rules violation reports. ECF Nos. 115, 116.

Defendants believe it is evident from plaintiff's pretrial statement and motions in limine that he intends to expand his claims to include "irrelevant arguments regarding systemic complaints and alleged 'class-based animus' against inmates." ECF No. 120 at 3. Defendants intend to file motions in limine to limit the evidence in this matter to the actual remaining claims in this action.

Motions in limine shall be filed not later than twenty-one days before trial.[2] Oppositions thereto shall be filed not later than fourteen days before trial. Reply briefs, if any, shall be filed not later than seven days before trial.

**RELIEF SOUGHT**

Plaintiff seeks $20,000 in compensatory damages from each defendant. He also seeks $20,000 in punitive damages from each defendant. ECF 114 at 11, 131.

Defendants seek judgment in their favor.

**POINTS OF LAW**

Plaintiff's pretrial statement did not include a "Points of Law" section. *See* ECF No. 114.

Defendants included the following "Points of Law" section in their pretrial statement:

> A prisoner suing prison officials under Section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994). A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A plaintiff suing for retaliation under Section 1983 must allege that "he

---

[2] Plaintiff's motions in limine remain pending. He need not re-file them in accordance with this timeline.

> was retaliated against for exercising his constitutional rights, and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). Furthermore, a prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. *Id.*

ECF No. 120 at 4-5.

The parties shall serve and file trial briefs (as described in Local Rule 285) no later than fourteen days before trial. The parties shall thoroughly address all applicable claims and defenses in their trial briefs.

**ABANDONED ISSUES**

None.

**WITNESSES**

On December 20, 2013, plaintiff filed a "Motion for Issuance of the Subpoena Duces Tecum Upon Hostile Witnesses & Request to Assign Marshal Fees to the Defendants for Service of the Processes & Costs." ECF No. 117. Plaintiff states that his requested witnesses are "material" and thus, the court "has discretion to assign witness & travel expenses to the defendants." *Id.* at 4:18-21. Plaintiff is mistaken. The court's October 24, 2013 order, which plaintiff acknowledges in his motion, makes clear that there is no statute authorizing the use of public funds for these expenses in civil cases. ECF No. 108 at 3. The tendering of witness fees and travel expenses is required even if the party has been granted leave to proceed in forma pauperis. *Id.* Plaintiff's request that the court order his proposed witnesses to appear with certain documents, such as "statistical data" regarding administrative appeals, letters, and memorandum, simply attempts to revisit discovery issues that have already been decided. *See* ECF No. 91 (May 13, 2013 order denying plaintiff's motion to compel). The discovery deadline has long since passed. Plaintiff's indigent and pro se status does not, itself, satisfy the good cause requirement for modifying the schedule to allow for additional discovery.

/////

/////

4

Plaintiff's proposed witnesses include:

1. Former defendant D.L. Runnels
2. Former defendant Associate Warden R. Barnes
3. Correctional Officer Candell
4. Correctional Officer Shaver
5. Former defendant Associate Warden D. Meier
6. Former defendant H. Wagner
7. T. Barron
8. M. Townsend
9. Former inmate Antonio Haliburton

If plaintiff wishes for these witnesses to testify, it is his responsibility to obtain their presence at trial. Plaintiff is reminded of the requirements for obtaining the attendance of unincarcerated witnesses:

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily. However, the party is responsible for ensuring attendance of such a witness. To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony must complete a subpoena and submit it to the United States Marshal for service upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Completed subpoenas must be submitted *not earlier than four weeks and not later than two weeks before trial*. The party must also tender through the United States Marshal a money order payable to the witness in the amount of the daily witness fee, $40.00, *plus the witness's travel expenses*. If plaintiff seeks the witness's presence and proceeds in forma pauperis, then plaintiff must also submit a copy of the order granting him leave so to proceed. *The United States Marshal will not serve a subpoena upon an unincarcerated witness without the witness fee and travel expenses having been tendered.* No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding in forma pauperis must tender the fees.

/////

In addition to themselves, defendants anticipate calling the following witnesses:

1. C/O Shaver, c/o High Desert State Prison
2. Custodian of Records, c/o High Desert State Prison.

Any party may call any witness identified by another party. No other witness will be permitted to testify. The court will, not later than six weeks before trial, issue all necessary writs to provide for plaintiff's attendance at trial.

**EXHIBITS, SCHEDULES, AND SUMMARIES**

Plaintiff expects to use the following exhibits at trial:

1. Defendant Amero's Admissions & Interrogatories
2. Defendant Hougland's Admissions & Interrogatories
3. Defendant Von Rader's Admissions & Interrogatories
4. Defendant Simmerson's Admissions & Interrogatories
5. Former Defendant D.L. Runnels' Admissions, Interrogatories & Request for Production
6. Appeal Log # HDSP-B-05-627
7. Appeal Log # HDSP-B-05-819
8. Letters to Warden D.L. Runnels
9. Inmate Declarations & Letter
10. Plaintiff's Request to Jury for Money Damages
11. Departmental Operation Manual ("DOM") [Internal Affairs Investigations]
12. DOM [Employee Discipline]
13. Requested Jury Instructions & Voir Dire Questions

Defendants expect to use the following exhibits at trial:

1. Plaintiff's property appeal and related correspondence for Appeal Log No. HDSP-B-05-00627.
2. Memorandum dated January 14, 2005 to plaintiff from Chief Deputy Warden Felker requesting plaintiff use the CDCR administrative appeal process rather than writing the prison administration directly.

/////

3. Pertinent portions of plaintiff's CDCR central file regarding Rules Violation Report for threats of violence against defendant Amero.

The parties shall mail copies of their exhibits, schedules, and summaries and other items they anticipate offering into evidence to all other parties no later than twenty-eight days before trial.

Objections to a party's items sought to be introduced into evidence shall be filed twenty-one days before trial. Each item to which no pretrial objection is made will be forthwith received into evidence.

If defendants object to any of plaintiff's exhibits which purport to be copies of records from the California Department of Corrections and Rehabilitation on foundational grounds or otherwise dispute the authenticity of those copies, defendants shall subpoena or otherwise produce the custodians of the records for testimony at trial.

Plaintiff will use numbers to mark his exhibits; defendants will use letters.

The parties are directed to bring an original and one copy of each exhibit to trial.

**DISCOVERY DOCUMENTS**

Defendants intend to offer the following responses to discovery at trial for purposes of rebuttal and/or cross-examination:

1. Plaintiff's response to defendants' interrogatories.
2. Plaintiff's response to defendants' request for production of documents.
3. Plaintiff's January 9, 2012 Deposition Transcript.

**FURTHER DISCOVERY OR MOTIONS**

The only anticipated motions are motions in limine and defendants' motion to bifurcate the claim of punitive damages.

**STIPULATIONS**

None.

/////

/////

/////

**AMENDMENTS/DISMISSALS**

By way of summary judgment and motion to dismiss, defendants Wagner, Coe, Runnels, Meier, Barnes and Miranda have been dismissed from this action. The claims in this action have been narrowed to retaliation and all other claims have been dismissed. *See* ECF Nos. 35, 77, 98.

**SETTLEMENT NEGOTIATIONS**

Defendants do not object to a settlement conference but believe that the expense of a settlement conference likely exceeds the settlement value of the case.

**AGREED STATEMENTS**

Defendants do not believe an agreed statement of facts is feasible given plaintiff's incarceration, his pro se status, and the fact that plaintiff and defendants dispute almost all of the pertinent facts in this case.

**SEPARATE TRIAL OF ISSUES**

Defendants intend to file a motion to bifurcate the claim of punitive damages.

**IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

This is not a case which warrants the appointment of an impartial expert witness.

**ATTORNEYS' FEES**

Plaintiff is proceeding pro se and attorney's fees are therefore not appropriate.

Defendants request that they be awarded attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

Any motions for costs or attorneys' fees shall be filed after judgment and timely presented in accordance with Local Rules 292 and 293.

**TRIAL EXHIBITS**

Defendants request that the trial exhibits be kept pending the resolution of this case by appeal or until the time for appeal has run. The handling of trial exhibits will be within the discretion of the judge trying the case.

**JURY TRIAL**

All parties have timely requested trial by jury.

/////

Jury trial is scheduled to begin on December 8, 2014, at 9:00 a.m. in Courtroom No. 6, 14th Floor, before United States District Judge John A. Mendez. Although the parties do not provide a good faith estimate, it appears that the action will be submitted to a jury for verdict within two to three days.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties' proposed jury voir dire and proposed jury instructions (as described in Local Rules 162.1(a) and 163(a)) shall be lodged with the clerk and copies served on all parties no later than fourteen days before trial.[3]

**SUMMARY OF ORDER**

1. The Clerk of the Court is directed to update and delete D.L. Runnels from the case caption, as defendant Runnels has been dismissed.
2. Plaintiff's "Motion for Issuance of the Subpoena Duces Tecum Upon Hostile Witnesses & Request to Assign Marshal Fees to the Defendants for Service of the Processes & Costs" (ECF No. 117) is denied.
3. The parties shall mail copies of their exhibits, schedules, and summaries and other items they anticipate offering into evidence to all other parties no later than twenty-eight days before trial.
4. Objections to a party's items of evidence sought to be introduced into evidence shall be filed no later than twenty-one days before trial.
5. Motions in limine shall be filed no later than twenty-one days before trial.
6. Trial briefs, proposed jury voir dire, proposed jury instructions, and any agreed statement of the case shall be filed no later than fourteen days before trial.

/////
/////
/////
/////

---

[3] Plaintiff already filed proposed jury voir dire and proposed jury instructions. ECF No. 114 , Ex. M. He need not re-file them in accordance with this timeline.

**MODIFICATION OF PRETRIAL ORDER**

Each party is granted 30 days to object to this Pretrial Order. Any objections shall set forth the basis of the objections and any changes to be made. Each party is also granted 14 days thereafter to respond to the other party's objections. If no objections are made, the Pretrial Order will become final without further order of the court.

Pursuant to Federal Rule of Civil Procedure 16, the final pretrial order shall control the subsequent course of this action and will not be modified except according to its terms or to prevent manifest injustice.

So ordered

DATED: May 22, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE