1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES T. DAVIS,                           No.  2:05-cv-1898-JAM-EFB P

12                    Plaintiff,

13         v.                                      ORDER

14    D.L. RUNNELS, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.   He objects to the magistrate judge's May 23, 2014 Pretrial Order, arguing that it

19    denies him the right to call material witnesses for trial to and to fairly present his case to a jury.

20    ECF No. 130.  For the reasons stated below, plaintiff's objections are overruled.

21                                         **BACKGROUND**

22         The magistrate judge issued an order on October 24, 2013 directing the filing of pretrial

23    statements.  ECF No. 108.  That order outlined the procedures for obtaining witnesses for trial

24    and required that plaintiff file any motions necessary to obtain the attendance of such witnesses

25    within 30 days.  Id.

26         On December 20, 2013, plaintiff filed a "Motion for Issuance of the Subpoena Duces

27    Tecum Upon Hostile Witnesses & Request to Assign Marshal Fees to the Defendants for Service

28    of the Processes & Costs."  ECF No. 117.  Plaintiff claimed that because his requested witnesses

1  were "material," the court should "assign witness & travel expenses to the defendants."  Id. at 4.

2  The motion included a proposed list of witnesses.  Id. at 6-19.

3          On May 22, 2014, the magistrate judge issued the Pretrial Order, which included

4  plaintiff's proposed list of witnesses.  ECF No. 127 at 5.  The order informed plaintiff that he was

5  mistaken in his belief that his witness fees and travel expenses should be paid for by the

6  defendants.  Id. at 4.  The order reminded plaintiff that it was his responsibility to obtain his

7  witnesses' presence at trial, and that despite plaintiff's in forma pauperis status, plaintiff was

8  required to pay any witness fees and travel expenses.  Id. at 4-5.  The order did not exclude any of

9  plaintiff's proposed witnesses from testifying at trial.

10         The Pretrial Order required that any objections thereto be filed within 30 days.  Id. at 10.

11                                  **PLAINTIFF'S OBJECTIONS**

12         Plaintiff filed his objections on June 13, 2014.  ECF No. 130.  As noted, he claims that the

13  Pretrial Order denies him the right to call witnesses and fairly present his case.  Id.

14         Local Rule 303(f) provides that magistrate judge's orders shall be upheld unless "clearly

15  erroneous or contrary to law."  Upon review of the entire file, the court finds that the witness

16  requirements set forth in the magistrate judge's Pretrial Order were not clearly erroneous or

17  contrary to law.

18         Plaintiff's assertion that the Pretrial Order denies him the right to call witnesses is

19  predicated on his mistaken contention that defendants are responsible for securing the attendance

20  of his witnesses at trial.  It is well-settled that plaintiff's in forma pauperis status, as permitted by

21  28 U.S.C. § 1915, does not authorize or require federal courts to finance or subsidize a civil

22  action or appeal by paying witness fees or other expenses.  Hadsell v. Internal Revenue Service,

23  107 F.3d 750, 752-53 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  Neither

24  does that statute authorize an order requiring defendants to pay for the attendance of plaintiff's

25  witnesses.  The simple requirement that plaintiff secure the attendance of his own witnesses at

26  trial does not impede his right of access to the courts or otherwise deprive him of a fair trial.  See

27  Hadsell, 107 F.3d at 753 (a plaintiff's inability to subpoena witnesses does not deny him access to

28  the courts where he had alternatives to the subpoenaed witnesses that could have been used to

support his claims).

## ORDER

Accordingly, IT IS HEREBY ORDERED that plaintiff's objections to the magistrate judge's May 23, 2014 Pretrial Order (ECF No. 130) are overruled.

DATED:  August 11, 2014

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE