UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDDIE SIMMERSON, ANTHONY AMERO, CHARLES HOUGHLAND and BRYON VON RADER,<br><br>　　　　Defendants. | No.  2:05-cv-1898-JAM-EFB<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS** |

Defendants Eddie Simmerson, Anthony Amero, Charles Houghland, and Bryon Von Rader (collectively "Defendants") submitted a bill of costs (Doc. #176).[1]  Plaintiff Charles T. Davis ("Plaintiff") filed an opposition (Doc. #179) asserting several objections to the bill of costs.

I.　BACKGROUND

Plaintiff, a California prison inmate, brought this suit against Defendants, alleging civil rights violations.  The matter

---
[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

1

was tried before a jury and a verdict was returned, finding for Defendants on all causes of action. After judgment was entered in favor of Defendants against Plaintiff, Defendants submitted their bill of costs requesting $758.80 in costs for witness fees and fees associated with recorded transcripts.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc). The costs a court may tax are listed in 28 U.S.C. § 1920 ("§1920").

If the court declines to award costs, it must "specify reasons" for denying costs. Id. (citing Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)). However, it need not specify reasons for its decision to abide by the presumption and tax costs to the losing party. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citing Ass'n of Mexican-Am. Educators, 231 F.3d at 592-93).

The Ninth Circuit has discussed proper reasons for denying

2

costs, including: (1) the losing party's limited financial resources; (2) the prevailing party's misconduct; (3) the potential chilling effect of imposing high costs on civil rights litigants; (4) the nature of the prevailing party's recovery; (5) the losing party's good faith in litigating; and (6) the importance of the case. Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003).

B.  Discussion

Plaintiff objects to the entire bill of costs on two grounds. Plaintiff first contends there is evidence that suggests the verdict was obtained by "intrinsic fraud" and therefore Defendants should not be allowed "to benefit from their own wrong-doing." Plaintiff submits no further detail as to the alleged fraud, and the Court finds no evidence of it. The objection is therefore overruled.

Plaintiff next objects on the grounds that he is an "indigent inmate" and argues the Court should take this into consideration when considering whether to grant costs. As discussed above, a losing party's financial circumstances are a factor that can be considered by the Court, however, 28 U.S.C. § 1915(f) clearly provides for the full payment of costs by a plaintiff prisoner if so ordered by the Court. It further provides for the payment of such costs through an incremental payment plan, thereby reducing any burden on Plaintiff. Id. In addition, the amount requested by Defendants is relatively minimal.

Outside of his indigence, Plaintiff puts forth no further arguments as to why the Court should deny Defendants' costs. The

1  Court finds the arguments and evidence insufficient to rebut the
2  presumption in favor of awarding costs.  See Draper v. Rosario,
3  No. 2:10-CV-0032 KJM EFB, 2014 WL 3689718, at *1-2 (E.D. Cal.
4  2014); Janoe v. Stone, No. 06-CV-1511-JM, 2012 WL 70424, at *2-3
5  (S.D. Cal. 2012).  The Court therefore overrules Plaintiff's
6  objection.

## III.  ORDER

For the reasons set forth above, the Court overrules Plaintiff's objections and GRANTS Defendants' costs.  Total costs awarded are $758.80.

IT IS SO ORDERED.

Dated: February 19, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE