UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,

        Plaintiff,

    v.

EDDIE SIMMERSON, ANTHONY
AMERO, CHARLES HOUGHLAND and
BRYON VON RADER,

        Defendants.

No.  2:05-cv-1898-JAM-EFB

**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE A DIRECTED VERDICT**

Plaintiff Charles T. Davis ("Plaintiff") moves for a "new trial or in the alternative a directed verdict due to fraud" (Doc. #175).  Defendants Eddie Simmerson, Anthony Amero, Charles Houghland, and Bryon Von Rader (collectively "Defendants") oppose the motion (Doc. #177).[1]  For the reasons that follow, Plaintiff's motion is DENIED.

///

///

_____

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

1

1

I.  BACKGROUND

2      Plaintiff, a California prison inmate, brought this suit

3 against Defendants, alleging civil rights violations.  The matter

4 was tried before a jury, and a verdict was returned, finding for

5 Defendants on all causes of action.  After judgment was entered

6 in favor of Defendants against Plaintiff, Plaintiff submitted a

7 motion for a new trial or in the alternative, a directed verdict

8 due to fraud.  The Court will hereinafter reference the request

9 for a directed verdict as one for judgment as a matter of law.

10

11

II.  OPINION

12    A.   Legal Standard

13         1.   Judgment as a Matter of Law

14      Plaintiff moves for judgment as a matter of law pursuant to

15 Federal Rule of Civil Procedure 50(b).

16      After a jury has returned a verdict, Rule 50(b) permits a

17 party to renew its prior Rule 50(a) motion for judgment as a

18 matter of law.  See EEOC v. Go Daddy Software, Inc., 581 F.3d

19 951, 961 (9th Cir. 2009); Mitri v. Walgreen Co., No. 1:10-CV-

20 00538 AWI, 2014 WL 6886835, at *1 (E.D. Cal. 2014).  A renewed

21 motion for judgment as a matter of law is appropriate when "the

22 evidence, construed in the light most favorable to the nonmoving

23 party, permits only one reasonable conclusion, and that

24 conclusion is contrary to the jury's verdict."  Hagen v. City of

25 Eugene, 736 F.3d 1251, 1256 (9th Cir. 2013); Harper v. City of

26 L.A., 533 F.3d 1010, 1021 (9th Cir. 2008).  If there is "such

27 relevant evidence as reasonable minds might accept as adequate to

28 support [the jury's] conclusion," then a Rule 50(b) motion should

2

1    be denied.  Hagen, 736 F.3d at 1257.  When considering a Rule

2    50(b) motion, a court should review all of the evidence in the

3    record in the light most favorable to the non-moving party, and

4    must draw all reasonable inferences in favor of the nonmoving

5    party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133,

6    150-51 (2000); see Harper, 533 F.3d at 1021.  However, "a

7    reasonable inference cannot be supported by only threadbare

8    conclusory statements instead of significant probative evidence;"

9    nor may a jury's conclusion be based on mere speculation.

10   Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 802-03 (9th Cir.

11   2009).

12       The court "may not make credibility determinations or weigh

13   the evidence" and "must disregard all evidence favorable to the

14   moving party that the jury is not required to believe."  Reeves,

15   530 U.S. at 150-51; see Harper, 533 F.3d at 1021.  "The court

16   must accept the jury's credibility findings consistent with the

17   verdict . . . [and] may not substitute its view of the evidence

18   for that of the jury."  Winarto v. Toshiba Am. Elecs. Components,

19   Inc., 274 F.3d 1276, 1283 (9th Cir. 2001).  "A jury's verdict

20   must be upheld if it is supported by substantial evidence, which

21   is evidence adequate to support the jury's conclusion, even if it

22   is also possible to draw a contrary conclusion."  McCollough v.

23   Johnson, Rodenburg, & Lauinger, LLC, 637 F.3d 939, 955 (9th Cir.

24   2011); Harper, 533 F.3d at 1021.  Finally, because a Rule 50(b)

25   motion is a renewed motion, "a party cannot properly raise

26   arguments in its post-trial motion for judgment as a matter of

27   law under Rule 50(b) that it did not raise in its pre-verdict

28   Rule 50(a) motion."  Go Daddy, 581 F.3d at 961; Freund v. Nycomed

                                    3

1    Amersham, 347 F.3d 752, 761 (9th Cir. 2003).

2              2.   New Trial

3         Federal Rule of Civil Procedure 59(a)(1)(a) provides:   "The

4    court may, on motion, grant a new trial on all or some of the

5    issues--and to any party . . . after a jury trial, for any reason

6    for which a new trial has heretofore been granted in an action at

7    law in federal court."

8         "[R]ule 59 does not specify the grounds on which a motion

9    for a new trial may be granted"; therefore, district courts must

10   look to "grounds that have been historically recognized."   Zhang

11   v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003);

12   see also Hunt v. Fields, No. 2:09-CV-3525 KJM AC, 2014 WL

13   1757211, at *3 (E.D. Cal. 2014).   These include a verdict that is

14   contrary to the weight of the evidence or is based on false or

15   perjurious evidence; or unfairness to the moving party.   Molski

16   v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007).   A court

17   may order a new trial if an erroneous evidentiary ruling

18   substantially prejudiced a party or if its instructions were

19   erroneous or inadequate.   Harper, 533 F.3d at 1030; Jazzabi v.

20   Allstate Ins. Co., 278 F.3d 979, 985 n. 24 (9th Cir. 2002).

21        "The grant of a new trial is 'confided almost entirely to

22   the exercise of discretion on the part of the trial court.'"

23   Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990)

24   (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36

25   (1980)).   Even though in the Rule 59 context "the trial court may

26   weigh the evidence and credibility of the witnesses," it should

27   not grant a new trial "merely because it might have come to a

28   different result from that reached by the jury."   Roy v.

                                  4

1   <u>Volkswagen of Am., Inc.</u>, 896 F.2d 1174, 1176 (9th Cir. 1990)

2   (internal quotation marks omitted).  In addition, the Eastern

3   District of California Local Rule 291.2.provides:

4       Motions for new trial shall state with specific
        references to relevant portions of any existing record
5       and to any supporting affidavits: (1) the particular
        errors of law claimed, (2) if a ground is
6       insufficiency of the evidence, the particulars
        thereof, and (3) if a ground is newly discovered
7       evidence, the particulars thereof, together with a
        full[,] complete description of the facts relating to
8       the discovery of such evidence and the movant's
        diligence in connection therewith.  A motion for new
9       trial and any opposition thereto shall be supported by
        briefs.
10

11      B.   <u>Analysis</u>

12           1.   <u>Judgment as a Matter of Law ("Directed Verdict")</u>

13      Plaintiff contends he is entitled to judgment as a matter of

14  law because (1) Defendants' counsel committed fraud during the

15  discovery process and (2) there is adequate evidence supporting

16  the conclusion the jury rested its verdict on something other

17  than the evidence.  Motion at p. 3.

18      Defendants first contend the motion for judgment as a matter

19  of law should be denied because Plaintiff did not make a Rule

20  50(a) motion before the case was submitted to the jury, a

21  prerequisite to renewing the motion after the verdict has been

22  returned pursuant to Rule 50(b).  Opp. at pp. 2-3.  Plaintiff

23  argues this procedural issue should not be fatal as it would

24  allow Defendants to "benefit from their own wrongdoing."  Reply

25  (Doc. #180) at pp. 1-2.  The Court will address the merits of the

26  Rule 50(b) motion despite Plaintiff's failure to make a timely

27  Rule 50(a) motion.

28      Plaintiff alleges Defendants' counsel committed "deliberate

1   fraud," acted in "bad faith," and engaged in "reckless conduct"

2   resulting in "prejudicial error" and "substantial and injurious

3   effect."  Motion at pp. 5-7.  The record simply does not support

4   such allegations, and the Court denies the motion as to these

5   grounds.

6       Plaintiff next contends the jury's verdict rested on

7   something other than evidence as indicated by the jury returning

8   a verdict "too fast."  Motion at p. 8.  The Court finds no

9   evidence the jury's verdict was based on anything but the

10  evidence.  The Court also does not find there was cumulative

11  error on these combined grounds warranting a directed verdict.

12      Even putting aside Plaintiff's failure to comply with the

13  procedural requirements of Rule 50, the Court finds the record

14  contains "evidence adequate to support the jury's conclusion,"

15  and therefore denies the motion for judgment as a matter of law.

16  McCollough, 637 F.3d at 955.

17              2.   New Trial

18      Plaintiff contends he is entitled to a new trial because the

19  Court erred in the following ways: (1) by excluding eighteen

20  exhibits needed by Plaintiff to establish the allegations that

21  Defendants' conduct was motivated by a systemic custom and policy

22  of the California Department of Corrections and Rehabilitation

23  ("CDCR"); (2) by denying his motion to compel discovery

24  responses; (3) by refusing to incorporate Plaintiff's questions

25  into voir dire; (4) by not including Plaintiff's specific request

26  for $20,000 in compensatory damages in the jury instructions;

27  (5) by defining the distinction between retaliatory damages and

28  the injury that supports damages; (6) by not providing separate

6

1  verdict forms and jury instructions defining oppression and

2  intimidation as requested for "pin-point findings"; (7) by

3  refusing to issue subpoenas to Plaintiff's witnesses; (8) by

4  dismissing the claims against previously named defendants

5  Runnels, Meier, Barns, and Miranda; (9) by not allowing Plaintiff

6  to raise his state claims; and (10) by denying Plaintiff counsel

7  when he was on medication that mentally impaired his ability to

8  prosecute the case.  Motion at pp. 3-4.

9      After considering Plaintiff's contentions, the Court finds

10  no basis upon which to grant a new trial.  The Court will address

11  each ground cited by Plaintiff briefly in turn.

12      The Court's exclusion of evidence regarding a custom,

13  policy, practice and pattern of CDCR was not error as the only

14  claims that survived to trial were against the individual

15  Defendants.  Motion at p. 10.  Plaintiff fails to explain with

16  any citations to the record or evidence how denial of his motion

17  to compel was in error or would support the granting of a new

18  trial.  Id. at p. 11.  Plaintiff's contentions regarding voir

19  dire are similarly baseless.  Id.  The Court finds that jury

20  selection was properly conducted.

21      Plaintiff contends it was error for the Court to refuse to

22  include Plaintiff's specific request for $20,000 in compensatory

23  damages in the jury instructions.  Motion at p. 12.  However,

24  Plaintiff fails to explain how this refusal constituted error or

25  could serve as the basis for granting a new trial.  Plaintiff's

26  dissatisfaction with the Court's definition of damages and injury

27  is irrelevant as the jury did not find Defendants liable.  Id.

28  Similarly, Plaintiff's arguments regarding the Court's failure to

1   instruct on the definitions of "oppression" and "intimidation"
2   are unpersuasive as the terms were irrelevant to the questions
3   presented to the jury.  Id.

4       As Plaintiff has failed to provide any legal basis for the
5   contention, the Court finds it has not committed "prejudicial
6   error" in failing to shift the costs associated with Plaintiff's
7   production of witnesses to the Defendants.  Motion at p. 13.
8   Plaintiff next contends it was error for the Court to dismiss the
9   claims against previously named defendants Runnels, Meier, Barns,
10  and Miranda because they were knowledgeable witnesses that could
11  have provided relevant testimony.  Id.  The Court's order
12  dismissing these individuals as defendants did not preclude their
13  being called as witnesses; the Court finds no error.

14      Plaintiff states the Court "should also reconsider allowing
15  the state claims to be presented in a new trial."  Motion at p.
16  14.  The Court finds this request fails to support the granting
17  of a new trial.

18      Finally, Plaintiff contends the Court erred by failing to
19  provide him counsel at trial.  Motion at p. 14.  Plaintiff argues
20  he was on medications during the trial that affected his mental
21  functioning and that it should have been clear to the Court.
22  Plaintiff made no mention of this at trial, and the Court finds
23  no basis for granting a new trial on this newly alleged and
24  factually unsupported ground.

25      To the extent the "Summary of Arguments" is intended to
26  constitute additional grounds for the granting of a new trial or
27  judgment as a matter of law, the Court finds no support in the
28  record of any prejudicial error.  Motion at pp. 15-19.

1

2                            III.   ORDER

3        For the reasons set forth above, the Court DENIES

4   Plaintiff's motion.

5        IT IS SO ORDERED.

6   Dated: March 23, 2015

7                                              _____
8                                              JOHN A. MENDEZ,
                                               UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      9